1
2
3
4
5

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

6
7
8

RES-NV TVL, LCC,

2:10-CV-1084 JCM (PAL)

9

Plaintiff,

10

v.

11

TOWNE VISTAS LLC, et al.,

12

13

Defendants.

14
15

**ORDER**

16       Presently before the court is defendants Fred Lessman and The Fred Lessman 2001 Living

17   Trust's motion to dismiss for lack of jurisdiction.  (Doc #59).  The plaintiff has filed an opposition

18   (doc. #63) to which defendants have replied (doc. #69).

19       The crux of plaintiffs' argument is that because the FDIC's ownership stake in plaintiff

20   destroys diversity jurisdiction.  For the reasons outlined below, this court is inclined to agree.

21       **Discussion**

22       Diversity jurisdiction is governed by 28 U.S.C. § 1332, which provides:

23       (a) The district courts shall have original jurisdiction of all civil actions where the matter
         in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is
24       between –

25               (1) citizens of different States;
                (2) citizens of a State and citizens or subjects of a foreign state;
26               (3) citizens of different States and in which citizens or subjects of a foreign state
                  are additional parties; and
27               (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens
                  of a State or of different States.

28

**James C. Mahan**
**U.S. District Judge**

1    The diversity statute is strictly construed. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088,

2    1092 (9th Cir. 1983).  When a party is a limited liability company, such as the instant plaintiff, its

3    citizenship is determined with reference to the citizenship of its members. *Johnson v. Columbia*

4    *Properties Anchorage, LP*, 437 F.3d 894, 800 (9th Cir. 2006).

5         Plaintiff's sole member is Multibank 2009-1 RES-ADC Venture, LLC ("Multibank").

6    Mutlibank, in turn, is comprised of two members: (1) RL RES 2009-1 Investments, LLC ("RL

7    RES") and (2) the Federal Deposit Insurance Corporation ("FDIC").  Accordingly, plaintiff's

8    diversity citizenship is dependent on the citizenship of Multibank and RL RES.

9         As a federally-chartered corporation, the FDIC is not a citizen of any state, but rather is a

10   national citizen only. *See Hancock Financial Corp. v. Fed. Savings and Loan Ins. Corp.*, 492

11   F.2d 1325, 1329 9th Cir. 1974; *see also FDIC v. La Rambla Shopping Ctr., Inc.*, 791 F.2d 215,

12   221 (1st Cir. 1986); *FDIC v. Nat'l Surety Corp.*, 345 F. Supp. 885, 888 (S.D. Iowa 1972).

13        Federal courts confronting the issue of the FDIC's (or other federally-chartered

14   corporation) citizenship have commented that if such entites were viewed as citizens of the

15   District of Columbia, diversity jurisdiction would be expanded to almost all suits involving

16   federally chartered corporations. *Nat'l Surety*, 345 F. Supp. at 888.  The Ninth Circuit adopted

17   the holding of *National Surety*, when it explained: "because the [Federal Savings Loan and

18   Insurance Corporation] is an agency and instrumentality of the federal government it is not a

19   citizen of any particular state for diversity purposes." *Hancock*, 492 F.2d at 1329.  Similarly, the

20   FDIC is an "agency and instrumentality of the federal government," and is therefore "not a

21   citizen of any particular state for diversity purposes." *Id.*; *accord La Rambla*, 791 F.2d at 221;

22   *Nat'l Surety*, 345 F. Supp. at 888; *Little League Baseball, Inc. v. Welsh Publ'g Group*, 874 F.

23   Supp. 648, 651 (M.D. Pa. 1995).

24        The court notes that Multibank has previously advanced the same argument it now

25   opposes.  For example, in its motion to remand in *RES-AZ Three, LLC v. Tellepsen*, Case No.

26   2:11-cv-00233-ROS (D. Ariz), and motion to dismiss in *CRM Ventures, LLC v. Multibank 2009-*

27   *1 RES-ADC Venture, LLC*, Case No. 10-2432-EFM-GLR (D. Kan), it argued that the FDIC's

28

James C. Mahan
U.S. District Judge

1  ownership interest in Multibank destroys diversity jurisdiction, because the FDIC is not a citizen

2  of any state.  *See* Def.'s Mot. to Dismiss, Ex. 2 at 1:26-28, 5:20-6:24; Ex.3 p. 1.  Also, in

3  *Multibank 2009-1 RES-ADC Venture LLC v. CRM Ventures, LLC*, Case No. 10-cv-02001-PAB-

4  CBS (D. Colo.), the court remanded the case *sua sponte* holding "Federal courts do not have

5  diversity jurisdiction over federally chartered corporations such as the FDIC because such

6  corporations have no state citizenship."  *See id.*, Ex. 4 (order remanding case).

7        Plaintiff's entire ownership structure must be diverse for purposes of § 1332.  Here,

8  FDIC's status as a federally-chartered bank destroys citizenship.

9        Accordingly,

10        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to

11  dismiss (doc. #59) be, and the same hereby is, GRANTED.  This matter is dismissed for lack of

12  jurisdiction.

13        IT IS FURTHER ORDERED that in light of this court's lack of jurisdiction, plaintiff's

14  remaining motions for entry of default judgment (docs. #42 and #70) are DENIED as moot.

15        DATED October 27, 2011.

16

17                            _____

18                          **UNITED STATES DISTRICT JUDGE**

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 3 -