UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| RES-NV TVL, LCC,<br><br>          Plaintiff,<br><br>v.<br><br>TOWNE VISTAS LLC, et al.,<br><br>          Defendants. | 2:10-CV-1084 JCM (GWF) |

**ORDER**

Presently before the court is defendants Fred Lessman and The Fred Lessman 2001 Living Trust's motion for sanctions. (Doc #72). Plaintiff has filed an opposition (doc. #73), to which defendants have replied (doc. #75).

Also before the court is plaintiff's motion for this court to reconsider its order (doc. #71) dismissing this action for lack of diversity jurisdiction. (Doc. #74). Defendants have filed an opposition (doc. #76), to which plaintiff has replied (doc. #78).

**Background**

Plaintiff RES-NV TVL, LLC is a limited liability company. Its sole member is the limited liability company Multibank 2009-1 RES-ADC Venture, LLC ("Multibank"). Multibank, in turn, is comprised of two members: (1) RL RES 2009-1 Investments, LLC ("RL RES") and (2) the Federal Deposit Insurance Corporation ("FDIC").

Plaintiff filed this diversity action on July 1, 2010. On September 16, 2011, defendants filed a motion to dismiss, arguing that diversity jurisdiction does not exist. The court granted the motion

**James C. Mahan**
**U.S. District Judge**

to dismiss, finding that because the citizenship of a limited liability company is based upon the citizenship of its members, and the FDIC is not a citizen of any state, diversity jurisdiction was lacking.  As a result of this court's order dismissing the case, defendants have moved for sanctions and plaintiff for reconsideration.

**Discussion**

1.  Motion for Sanctions

Pursuant to Rule 11 of the Federal Rules of Civil Procedure an attorney represents that all "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. . . ." Defendants contend that plaintiff's jurisdictional allegation in the complaint was knowingly frivolous and therefore requests that this court award reasonable attorneys' fees for the costs in defending this action.

Defendants argue that plaintiff knowingly misrepresented to the court the citizenship of the FDIC when it represented in the complaint that the FDIC was a citizen of Delaware.  Additionally, defendants contend that plaintiff's suit is frivolous, because in other suits arising in different jurisdictions, plaintiff has itself argued that diversity jurisdiction lacks in federal court based on the FDIC's status as a member of Multibank.  In rebutting these allegations, plaintiff argues that the representation in the complaint regarding the FDIC's citizenship was an oversight and that it cannot be held accountable for legal arguments made by local counsel in different cases in different jurisdictions.  Multibank is currently engaged in a multitude of lawsuits around the country and different attorneys are representing the bank as they see fit, sometimes making arguments that may conflict with Multibank's position in other cases.

Regardless of the merits of defendants' accusations, this court finds that plaintiff's arguments regarding jurisdiction were not frivolous.  There is no *direct* precedent on this issue from either the Ninth Circuit or the Supreme Court.  Moreover, significant policy reasons may exist for adopting the position plaintiff urges this court to adopt.

. . .

James C. Mahan
U.S. District Judge

- 2 -

This court's dismissal order, relying on case law from the Ninth Circuit, and persuasive authority from other jurisdictions, held that federally-chartered corporations are not citizens of any particular state for purposes of diversity jurisdiction. *See* doc. #71, (citing *Hancock Financial Corp. v. Fed. Savings and Loan Ins. Corp.*, 492 F.2d 1325, 1329 (9th Cir. 1974); *FDIC v. La Rambla Shopping Ctr., Inc.*, 791 F.2d 215, 221 (1st Cir. 1986); *FDIC v. Nat'l Surety Corp.*, 345 F. Supp. 885, 888 (S.D. Iowa 1972)). While this court was persuaded by defendants' arguments on the issue, it cannot find that the arguments presented by plaintiff seeking an extension or modification of the law in this area were devoid of any merit. Indeed, the policy implications raised by plaintiff, and statutory construction that it continues to urge this court to adopt, may very well persuade the Ninth Circuit that plaintiff's position should prevail. This court, however, has a duty to apply the law, not set matters of public policy.

As such, the motion for sanctions is denied.

2.   Motion for Reconsideration

Motions for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). These circumstances are present where "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* Plaintiffs' motion fails to persuade this court that any of these circumstances exist in the present case.

Plaintiff moves this court to reconsider its order dismissing this case for a lack of jurisdiction on two grounds. First, plaintiff contends that it is unfair for the court to premise a lack of diversity on the FDIC's status as one of two members of Multibank. Plaintiff recommends that the court ignore the FDIC's role as a member of Multibank, and focus instead on the citizenship of RL RES to determine whether plaintiff's citizenship is diverse from the defendants.

Second, plaintiff argues that congress has evinced an intent to have all claims litigated by the FDIC be heard in federal court by passing the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). As such, plaintiff contends that this court should find that it has jurisdiction to hear this case. Plaintiff also argues that finding a lack of diversity jurisdiction

**James C. Mahan**
**U.S. District Judge**

1  is illogical. For example, given that the FDIC could pursue these claims independently in federal
2  court under FIRREA, the court should not dismiss the complaint of the FDIC's subsidiary for lack
3  of diversity jurisdiction.

4        1.     Ignoring the FDIC's Stateless Status

5  A limited liability company "is a citizen of every state of which its owners/members are
6  citizens." *Johnson v. Columbia Properties Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006).
7  However, "as federally-chartered corporation, the FDIC is not a citizen of any state, but rather is a
8  national citizen only." *Hancock Financial Corp. v. Fed. Sav. & Loan Ins. Corp.*, 492 F.2d 1325,
9  1329 (9th Cir. 1974). Thus, where the FDIC is an owner/member of a limited liability company,
10  diversity jurisdiction, pursuant to *Johnson*, cannot exist; the FDIC is a "national citizen only,"
11  thereby destroying diversity jurisdiction. *See id.*

12  Multibank argues that the court should ignore the FDIC's status as a member of the
13  Multibank, and focus instead on the citizenship of Multibank's other member, RL RES. By doing
14  so, Multibank would be construed a citizen of RL RES's state of citizenship, thereby rendering
15  plaintiff and defendants diverse. The cases cited by plaintiff for this proposition are based upon
16  findings that in those cases, the limited liability company was a "nominal"party. *See Roskind v.*
17  *Emigh*, 2007 WL 981725 (D. Nev. April 2, 2007) (LLC's citizenship not considered for diversity
18  purposes because "the real dispute" was between the members of the LLC, who were both diverse
19  from one another).

20  Plaintiff has not persuaded this court that the FDIC's role in this litigation is "nominal."
21  Rather, it appears that the FDIC is a majority owner of plaintiff. Ignoring the citizenship of a limited
22  liability company's majority stakeholder is a considerable deviation from the approach taken by the
23  *Emigh* court. There, the two individual members of a limited liability company, Roskind and
24  Emight, could not agree on how to run the affairs of the company. *Id.* at *1. Roskind filed suit
25  seeking a judicial dissolution of the limited liability company and a distribution of title pursuant to
26  state law. *Id.* Roskind was a citizen of California and Emigh a citizen of Nevada. Thus, pursuant
27  to *Johnson*, the limited liability company was a citizen of both states. Emigh argued that because
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

the limited liability company was named as a defendant, and retained citizenship, at least partly, in California, there was a lack of diversity between the company and Roskind. *Id.*

The court found that the company was only a nominal party in the litigation. The company was included as a party to the litigation solely to enable the ministerial act of according the requested relief between the real parties, Roskind and Emigh. *Id.* at *3. Because both Roskind and Emigh, the real parties with an interest in the litigation, were both diverse from one another, the court found it appropriate to ignore the citizenship of the limited liability company, which did not have a real stake in the outcome of the litigation. *Id.*

Here, however, the party that destroys citizenship is a majority stakeholder in the limited liability company's sole member. Plaintiff has not shown that the FDIC has no interest in this lawsuit. Rather, the FDIC is a majority stakeholder in plaintiff's parent company. As such, it is likely that the FDIC has a considerable interest in the outcome of the litigation and is a real party to the dispute. Therefore, the facts of the instant case are materially distinguishable from those presented in *Emigh*, and this court finds it improper to ignore the Ninth Circuit's clear edict in *Johnson* by disregarding the citizenship of the FDIC.

  2. <u>FIRREA Establishing a Congressional Intent that all Claims Involving the FDIC be heard in Federal Court</u>

This court is similarly unpersuaded by plaintiff's arguments relating to FIRREA. The applicable language in that statute illustrates congress's intent to create *federal question jurisdiction* in cases where the FDIC is a party. *See* 12 U.S.C. § 1819(b)(2)(A) ("all suits of a civil nature at common law or in equity to which the [FDIC] in any capacity, is a party shall be deemed to arise under the laws of the United States.").

Here, however, the question is whether diversity jurisdiction exists for a limited liability company that is owned by another limited liability company that the FDIC has a majority stake in. As such, this court cannot find, based upon FIRREA, that congress intended to create diversity jurisdiction in such a scenario. That statute directly speaks to federal question jurisdiction, but is silent as to the facts of the instant case. Further, whether a conflict exists between FIRREA's

**James C. Mahan**
**U.S. District Judge**

- 5 -

creation of federal question jurisdiction and the diversity requirements for limited liability companies in this context is not controlling. Congress created federal question jurisdiction for FDIC claims, but did not alter the diversity statute to ensure FDIC affiliates are not prejudiced by an upstream affiliation with the FDIC.

As explained previously, this court is guided by current precedent and applies the law as it interprets it. Overturning precedent and setting policy falls within the sound discretion of the Ninth Circuit. The majority of plaintiff's arguments are better addressed to that body. Pursuant to *Johnson*, this court must consider the citizenship of a limited liability company's members. *See Johnson*, 437 F.3d at 899. Doing so here, it is apparent that the FDIC is a member of Multibank; thus diversity jurisdiction is destroyed. *See Hancock*, 492 F.2d at 1329. Plaintiff has not convinced this court that it committed clear error or that the other grounds for reconsideration exist. *See Kona Enters.,* 229 F.3d at 890. Therefore, the motion for reconsideration is denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for sanctions (doc. #72) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for reconsideration (doc. #74) be, and the same hereby is, DENIED.

DATED December 30, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**