1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6
7

| RES-NV TVL, LCC, | 2:10-CV-1084 JCM (GWF) |

8

RES-NV TVL, LCC,

9

       Plaintiff,

10

v.

11

TOWNE VISTAS LLC, et al.,

12

       Defendants.

13
14

**ORDER**

15

     Presently before the court is defendants Fred Lessman and The Fred Lessman 2001 Living

16

Trust's motion for sanctions.  (Doc #72).  Plaintiff has filed an opposition (doc. #73), to which

17

defendants have replied (doc. #75).

18

       Also before the court is plaintiff's motion for this court to reconsider its order (doc.

19

#71) dismissing this action for lack of diversity jurisdiction.  (Doc. #74).  Defendants have filed an

20

opposition (doc. #76), to which plaintiff has replied (doc. #78).

21

**Background**

22

     Plaintiff RES-NV TVL, LLC is a limited liability company.  Its sole member is the limited

23

liability company Multibank 2009-1 RES-ADC Venture, LLC ("Multibank").  Multibank, in turn,

24

is comprised of two members: (1) RL RES 2009-1 Investments, LLC ("RL RES") and (2) the

25

Federal Deposit Insurance Corporation ("FDIC").

26

     Plaintiff filed this diversity action on July 1, 2010.  On September 16, 2011, defendants filed

27

a motion to dismiss, arguing that diversity jurisdiction does not exist.  The court granted the motion

28

**James C. Mahan**
**U.S. District Judge**

1   to dismiss, finding that because the citizenship of a limited liability company is based upon the

2   citizenship of its members, and the FDIC is not a citizen of any state, diversity jurisdiction was

3   lacking.  As a result of this court's order dismissing the case, defendants have moved for sanctions

4   and plaintiff for reconsideration.

5                                          **Discussion**

6            1.        Motion for Sanctions

7            Pursuant to Rule 11 of the Federal Rules of Civil Procedure an attorney represents that all

8   "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous

9   argument for extending, modifying, or reversing existing law or for establishing new law. . . ."

10  Defendants contend that plaintiff's jurisdictional allegation in the complaint was knowingly frivolous

11  and therefore requests that this court award reasonable attorneys' fees for the costs in defending this

12  action.

13           Defendants argue that plaintiff knowingly misrepresented to the court the citizenship of the

14  FDIC when it represented in the complaint that the FDIC was a citizen of Delaware.  Additionally,

15  defendants contend that plaintiff's suit is frivolous, because in other suits arising in different

16  jurisdictions, plaintiff has itself argued that diversity jurisdiction lacks in federal court based on the

17  FDIC's status as a member of Multibank.  In rebutting these allegations, plaintiff argues that the

18  representation in the complaint regarding the FDIC's citizenship was an oversight and that it cannot

19  be held accountable for legal arguments made by local counsel in different cases in different

20  jurisdictions.  Multibank is currently engaged in a multitude of lawsuits around the country and

21  different attorneys are representing the bank as they see fit, sometimes making arguments that may

22  conflict with Multibank's position in other cases.

23           Regardless of the merits of defendants' accusations, this court finds that plaintiff's arguments

24  regarding jurisdiction were not frivolous.  There is no *direct* precedent on this issue from either the

25  Ninth Circuit or the Supreme Court.  Moreover, significant policy reasons may exist for adopting

26  the position plaintiff urges this court to adopt.

27  . . .

28

**James C. Mahan**
**U.S. District Judge**                                    - 2 -

1    This court's dismissal order, relying on case law from the Ninth Circuit, and persuasive

2  authority from other jurisdictions, held that federally-chartered corporations are not citizens of any

3  particular state for purposes of diversity jurisdiction. *See* doc. #71, (citing *Hancock Financial Corp.*

4  *v. Fed. Savings and Loan Ins. Corp.*, 492 F.2d 1325, 1329 (9th Cir. 1974); *FDIC v. La Rambla*

5  *Shopping Ctr., Inc.*, 791 F.2d 215, 221 (1st Cir. 1986); *FDIC v. Nat'l Surety Corp.*, 345 F. Supp.

6  885, 888 (S.D. Iowa 1972)).  While this court was persuaded by defendants' arguments on the issue,

7  it cannot find that the arguments presented by plaintiff seeking an extension or modification of the

8  law in this area were devoid of any merit.  Indeed, the policy implications raised by plaintiff, and

9  statutory construction that it continues to urge this court to adopt, may very well persuade the Ninth

10  Circuit that plaintiff's position should prevail.  This court, however, has a duty to apply the law, not

11  set matters of public policy.

12    As such, the motion for sanctions is denied.

13    2.    Motion for Reconsideration

14    Motions for reconsideration "should not be granted, absent highly unusual circumstances."

15  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  These circumstances are

16  present where "the district court is presented with newly discovered evidence, committed clear error,

17  or if there is an intervening change in the controlling law." *Id.*  Plaintiffs' motion fails to persuade

18  this court that any of these circumstances exist in the present case.

19    Plaintiff moves this court to reconsider its order dismissing this case for a lack of jurisdiction

20  on two grounds.  First, plaintiff contends that it is unfair for the court to premise a lack of diversity

21  on the FDIC's status as one of two members of Multibank.  Plaintiff recommends that the court

22  ignore the FDIC's role as a member of Multibank, and focus instead on the citizenship of RL RES

23  to determine whether plaintiff's citizenship is diverse from the defendants.

24    Second, plaintiff argues that congress has evinced an intent to have all claims litigated by the

25  FDIC be heard in federal court by passing the Financial Institutions Reform, Recovery and

26  Enforcement Act of 1989 ("FIRREA").  As such, plaintiff contends that this court should find that

27  it has jurisdiction to hear this case.  Plaintiff also argues that finding a lack of diversity jurisdiction

28

**James C. Mahan**
**U.S. District Judge**                                                    - 3 -

1    is illogical.  For example, given that the FDIC could pursue these claims independently in federal

2    court under FIRREA, the court should not dismiss the complaint of the FDIC's subsidiary for lack

3    of diversity jurisdiction.

4             1.        Ignoring the FDIC's Stateless Status

5             A limited liability company "is a citizen of every state of which its owners/members are

6    citizens." *Johnson v. Columbia Properties Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006).

7    However, "as federally-chartered corporation, the FDIC is not a citizen of any state, but rather is a

8    national citizen only." *Hancock Financial Corp. v. Fed. Sav. & Loan Ins. Corp.*, 492 F.2d 1325,

9    1329 (9th Cir. 1974).  Thus, where the FDIC is an owner/member of a limited liability company,

10   diversity jurisdiction, pursuant to *Johnson*, cannot exist; the FDIC is a "national citizen only,"

11   thereby destroying diversity jurisdiction.  *See id.*

12            Multibank argues that the court should ignore the FDIC's status as a member of the

13   Multibank, and focus instead on the citizenship of Multibank's other member, RL RES.  By doing

14   so, Multibank would be construed a citizen of RL RES's state of citizenship, thereby rendering

15   plaintiff and defendants diverse.  The cases cited by plaintiff for this proposition are based upon

16   findings that in those cases, the limited liability company was a "nominal"party.  *See Roskind v.*

17   *Emigh*, 2007 WL 981725 (D. Nev. April 2, 2007) (LLC's citizenship not considered for diversity

18   purposes because "the real dispute" was between the members of the LLC, who were both diverse

19   from one another).

20            Plaintiff has not persuaded this court that the FDIC's role in this litigation is "nominal."

21   Rather, it appears that the FDIC is a majority owner of plaintiff.  Ignoring the citizenship of a limited

22   liability company's majority stakeholder is a considerable deviation from the approach taken by the

23   *Emigh* court.  There, the two individual members of a limited liability company, Roskind and

24   Emight, could not agree on how to run the affairs of the company.  *Id.* at *1.  Roskind filed suit

25   seeking a judicial dissolution of the limited liability company and a distribution of title pursuant to

26   state law.  *Id.*  Roskind was a citizen of California and Emigh a citizen of Nevada.  Thus, pursuant

27   to *Johnson*, the limited liability company was a citizen of both states.  Emigh argued that because

28

James C. Mahan
U.S. District Judge

- 4 -

1    the limited liability company was named as a defendant, and retained citizenship, at least partly, in

2    California, there was a lack of diversity between the company and Roskind. *Id.*

3          The court found that the company was only a nominal party in the litigation. The company

4    was included as a party to the litigation solely to enable the ministerial act of according the requested

5    relief between the real parties, Roskind and Emigh. *Id.* at *3. Because both Roskind and Emigh,

6    the real parties with an interest in the litigation, were both diverse from one another, the court found

7    it appropriate to ignore the citizenship of the limited liability company, which did not have a real

8    stake in the outcome of the litigation. *Id.*

9          Here, however, the party that destroys citizenship is a majority stakeholder in the limited

10   liability company's sole member. Plaintiff has not shown that the FDIC has no interest in this

11   lawsuit. Rather, the FDIC is a majority stakeholder in plaintiff's parent company. As such, it is

12   likely that the FDIC has a considerable interest in the outcome of the litigation and is a real party to

13   the dispute. Therefore, the facts of the instant case are materially distinguishable from those

14   presented in *Emigh*, and this court finds it improper to ignore the Ninth Circuit's clear edict in

15   *Johnson* by disregarding the citizenship of the FDIC.

16          2.     FIRREA Establishing a Congressional Intent that all Claims Involving the FDIC

17                 be heard in Federal Court

18          This court is similarly unpersuaded by plaintiff's arguments relating to FIRREA. The

19   applicable language in that statute illustrates congress's intent to create *federal question jurisdiction*

20   in cases where the FDIC is a party. *See* 12 U.S.C. § 1819(b)(2)(A) ("all suits of a civil nature at

21   common law or in equity to which the [FDIC] in any capacity, is a party shall be deemed to arise

22   under the laws of the United States.").

23          Here, however, the question is whether diversity jurisdiction exists for a limited liability

24   company that is owned by another limited liability company that the FDIC has a majority stake in.

25   As such, this court cannot find, based upon FIRREA, that congress intended to create diversity

26   jurisdiction in such a scenario. That statute directly speaks to federal question jurisdiction, but is

27   silent as to the facts of the instant case. Further, whether a conflict exists between FIRREA's

28

**James C. Mahan**
**U.S. District Judge**                                          - 5 -

1 │ creation of federal question jurisdiction and the diversity requirements for limited liability companies

2 │ in this context is not controlling.  Congress created federal question jurisdiction for FDIC claims,

3 │ but did not alter the diversity statute to ensure FDIC affiliates are not prejudiced by an upstream

4 │ affiliation with the FDIC.

5 │ As explained previously, this court is guided by current precedent and applies the law as it

6 │ interprets it.  Overturning precedent and setting policy falls within the sound discretion of the Ninth

7 │ Circuit.  The majority of plaintiff's arguments are better addressed to that body.  Pursuant to

8 │ *Johnson*, this court must consider the citizenship of a limited liability company's members.  *See*

9 │ *Johnson*, 437 F.3d at 899.  Doing so here, it is apparent that the FDIC is a member of Multibank;

10 │ thus diversity jurisdiction is destroyed.  *See Hancock*, 492 F.2d at 1329.  Plaintiff has not convinced

11 │ this court that it committed clear error or that the other grounds for reconsideration exist.  *See Kona*

12 │ *Enters.,* 229 F.3d at 890.  Therefore, the motion for reconsideration is denied.

13 │ Accordingly,

14 │ IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for

15 │ sanctions (doc. #72) be, and the same hereby is, DENIED.

16 │ IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for

17 │ reconsideration (doc. #74) be, and the same hereby is, DENIED.

18 │ DATED December 30, 2011.

**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 6 -